BLANN
v.
SMITH.
*Friday,*
*June* 1.

*Friday,*
*June* 1.

---

BLANN *v.* SMITH.

If the obligor of a title-bond had no title to the premises at the time the deed was to be executed, the obligee may sue on the bond without having demanded the deed.

*Friday,*
*June* 1.

ERROR to the *Sullivan* Circuit Court.

DEWEY, J.—Debt on a penal bond. The defendant below craved *oyer* of the bond and condition. The latter is, that

the former should be void, provided the defendant conveyed to the plaintiff, on or before a specified time, the title in fee-simple, by deed of special warranty, to a certain tract of land. Plea, readiness to perform by conveying title according to the condition of the bond. Replication, that at the time when by the condition the title should have been conveyed to the plaintiff, the defendant had no title in fee-simple to the land, and that he has never since had such a title, and that he could not, at the time specified in the condition, nor at any time since, execute a deed conveying a title in fee-simple. General demurrer to the replication and joinder. The Court overruled the demurrer, and rendered final judgment for the plaintiff on the verdict of a jury of inquiry.

We think the replication assigns a sufficient breach, and that the demurrer was correctly overruled. To say that the defendant had no title, and could not convey one, is surely equivalent to saying that he did not convey a title. Besides, this manner of assigning the breach was proper in this case, because it shows an excuse for not demanding the deed before suit. The utter inability of the defendant to convey, dispensed with the necessity of the demand, as the law does not require a vain or nugatory thing to be done.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*S. Judah*, for the plaintiff.

*D. M'Donald*, for the defendant.